IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

_____

| In Re: | Bankruptcy Case |
|---|---|
| KATHRYN CROFT, | No. 05-42171 |
| Debtor. | |

_____

SUMMARY ORDER
_____

Debtor Kathryn Croft, represented by attorney Jay Kohler ("Counsel"), filed a voluntary Chapter 7 petition on September 16, 2005. Docket No. 1. On December 23, 2005, the U.S. Trustee filed a Motion for Review of Professional Fees directed at Counsel. Docket No. 20. On January 19, 2006, Counsel filed a Response to the motion. Docket No. 26. On January 24, 2006, the Court conducted a hearing concerning the motion at which Assistant U.S. Trustee Jeff Howe, Chapter 7 Trustee Sam Hopkins and Counsel appeared. On February 3, 2006, as allowed by the Court, Counsel filed a Supplement to his response.

ORDER - 1

Docket No. 28.  The issues raised by the U.S. Trustee's motion were then deemed under advisement.

The U.S. Trustee argues in its motion that "the compensation paid to [C]ounsel in this relatively simple Chapter 7 case exceeds the reasonable value of the services provided and may be excessive."  Motion at 2, Docket No. 20.  If the U.S. Trustee is correct, the Court may order the amount of fees Debtor paid to Counsel "in contemplation of or in connection with the case" in excess of a reasonable amount refunded.  11 U.S.C. §§ 329(a), (b).  Counsel disputes that the fees paid to him were excessive in comparison for the services rendered.

According to his Rule 2016(b) disclosure, Docket No. 3, and his billings statements attached to his Response to the U.S. Trustee's motion, Docket No. 26, Counsel was paid a total of $2,500 by Debtor for his services prior to the filing of the bankruptcy petition.  He has been paid $235 since the case was commenced.

Looking solely at Debtor's bankruptcy schedules and the record, this indeed does appear to be a fairly routine Chapter 7 case, and $2,735 seems, on the surface, a potentially excessive fee.  But Counsel's billing statements reflect that since June 30, 2005, he has worked a total of 18.1 hours on this case, which at his

hourly rate of $150 would mean he has accrued $2,715 in fees.  Most of the time spent on Debtor's case in August and through September 16, was for services in connection with advising Debtor how to wrap up and liquidate her business, Perk's Photo, Inc.  However, it appears that Debtor was personally obligated on most of the business debt, and to the Court, these services are a legitimate aspect of advising Debtor about here options for debt relief, including bankruptcy.  Thereafter, the bulk of Counsel's services, while in some instances not very clearly described, appear directly related to Debtor's bankruptcy filing.  Under these circumstances, the Court cannot say that the amount Counsel received from Debtor was excessive in light of the services provided.

Counsel having provided an adequate explanation of his services, and it appears the amount paid to him by Debtor was reasonable and no refund is necessary here.  Accordingly, **IT IS THEREFORE ORDERED THAT** the U.S. Trustee's Motion for Review of Professional Fees be and is hereby **DENIED.**

Dated: March 2, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

ORDER - 3